RECEIVED

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

2007 FEB -6  A  *5:

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CEDRIC ALLEN SMITH, et al.,<br>Full name and prison number<br>of plaintiff(s)  #155509 | )<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| RICHARD ALLEN/COMMISSIONER | )<br>) |
| BOB RILEY/ GOVERNOR | )<br>) |
| ASSO.COMM. (DOC) CLASSIFICATION | )<br>) |
| PAUL WHALEY/DIRECTOR OF CLASSI-<br>FICATIONS. | )<br>) |
| Name of person(s) who violated<br>your constitutional rights.<br>(List the names of all the<br>persons.) | )<br>)<br>)<br>) |

2:07-CV- 109-MET
2:07cv98-MEF

CIVIL ACTION NO.
(To be supplied by Clerk of
U.S. District Court)

I.  PREVIOUS LAWSUITS
   A.  Have you begun other lawsuits in state or federal court
       dealing with the same or similar facts involved in this
       action?  YES ( . ) NO (XXXX)

   B.  Have you begun other lawsuits in state or federal court
       relating to your imprisonment?  YES (   ) NO XXXXX

   C.  If your answer to A or B is yes, describe each lawsuit
       in the space below.  (If there is more than one lawsuit,
       describe the additional lawsuits on another piece of
       paper, using the same outline.)

       1.  Parties to this previous lawsuit:

           Plaintiff(s) _____ N/A _____
                                         " "
           _____

           Defendant(s) _____ " _____

           _____ " _____

       2.  Court (if federal court, name the district; if
           state court, name the county) _____

           _____ N/A _____

SCANNED

SCANNED B 2-6

3. Docket number _____ N/A

4. Name of judge to whom case was assigned _____
   _____ "

5. Disposition (for example:  Was the case dismissed?
   Was it appealed?  Is it still pending?) _____ N/A
   _____ "

6. Approximate date of filing lawsuit _____ "

7. Approximate date of disposition _____ "

II.  PLACE OF PRESENT CONFINEMENT _FOUNTAIN 3800, ATMORE, AL. 36503_

_____

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED _____ ".
_____ "

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR
     CONSTITUTIONAL RIGHTS.
            NAME                     ADDRESS

1. RICHARD ALLEN/COMMISSIONER  301 SOUTH RIPLEY ST. MONT.AL.36130

2. BOB RILEY/GOVERNOR              "      "      "

3. ASSO. COMMISSIONER (DOC) CLASSIFICATION "  "  "  "

4. PAUL WHALEY/DIRECTOR OF (DOC) CLASSIFICATION "  "  "

5. _____

6. _____

IV.  THE DATE UPON WHICH SAID VIOLATION OCCURRED _1991 AND PRESENT_

_____

V.   STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION
     THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE:    __PLEASE SEE ATTACHED PAGES__

_____

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

_____ PLEASE SEE ATTACHED PAGES _____

_____ " _____

_____ " _____

_____ " _____

GROUND TWO: _____ PLEASE SEE ATTACHED PAGES _____

_____ " _____

SUPPORTING FACTS: _____ " _____

_____

_____

_____

_____

GROUND THREE: _____ PLEASE SEE ATTACHED PAGES _____

_____ " _____

SUPPORTING FACTS: _____ " _____

_____ " _____

_____ " _____

_____ " _____

_____ " _____

_____ " _____

3

VI.   STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
MAKE NO LEGAL ARGUMENT.  CITE NO CASES OR STATUTES.

SEE Attached pages.

_____
Cedric Allen Smith 155509
       Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true
and correct.

EXECUTED on     30th of January, 2007     .
                    (Date)

_____
Cedric Allen Smith
       Signature of plaintiff(s)

VI.    STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.


INJUNCTIVE AND DECLARTORY RELIEF,
GRANT AN EMERGENCY HEARING IN ORDER TO PROTECT PLAINTIFF(S)
AND OTHERS SIMILIAR SITUATED CONSTITUTIONAL RIGHTS AND IN
THE BEST INTEREST OF THE PUBLIC AND THE PEOPLE.


CEDERIC ALLEN SMITH #155509

FREDDIE LEE BELL # 134318

ANTHONY BURTON # 136983

TONY C. BROACH #136351

STEPHEN THOMAS #124145

JAMES MURRAY # 101186

                                    PLAINTIFF(S)


I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND
CORRECT.

EXECUTED ON  January 30th, 2007
            (DATE)


                    SIGNATURE OF PLAINTIFF

4

IN THE MIDDLE DISTRICT OF ALABAMA
UNITED STATES COURTHOUSE

CEDRIC ALLEN SMITH #155509                    *        2:07-cv- 109-MEF
(AND OTHERS SIMILAR SITUATED)
                                                      CASE NO: 2:07CV96-MEF
FREDDIE LEE BELL # 134318 et al.,
                                                      to be supplied by clerk
ANTHONY BURTON #136983 et al.,
                                              *
TONY C. BROACH #136351 et al.,
STEPHEN THOMAS #124145 et al.,
JAMES MURRAY #101186 et al.,                  *
PLAINTIFF(S)

VS.                                           *

RICHARD ALLEN COMMISSIONER
                                              *
GOVERNOR BOB RILEY

ASSOC. COMMISSIONER
(DEPT. OF CORR. CLASSIFICATION)               *

PAUL WHALEY (DIRECTOR OF CLASSIFICATION
DEPT. OF CORRECTIONS).                         *

DEFENDANTS.

                                              *


The petitioner(s) avers that, the Alabama Correctional Time Act
(CIT), (14-9-41), code of Alabama subsection (e), Acts 80-446),
violates administrative procedures, violates state constitutional
requirements for passage of legislation or Federal protection and
"due process" guaranteed in the way that it has and still being
administered by selective implementation through the department of
corrections and administrative department.

Acts 80-446, violates Article 4, of the Alabama Constitution because
it contains a provision which broadened the scope of the act beyond
that expressed in the title.

Acts 80-446, violates Article 4, 61, of the Alabama Constitution
(1901), because an amendment in 1991 to the act changed the original
purpose of the act.

Acts 80-446, on its face, violates the "equal protection" guaranteed
by the fourthteenth amendment, Article 4, each law shall contain One

(1)

subject, which shall be clearly expressed in its title.

Prisoners that are prohibited from earning goodtime by acts 80-446, or by 14-9-41, are receiving goodtime credits selectively by the department of correction (DOC) against legislative intent.

## HABITUAL FELONY OFFENDERS

The act, 80-446 prohibited habitual offenders from receiving any deduction from their sentence, however, in 1991, this act was in effect from an earlier legislative passage acts no: 80-446. In 1991, the incentive "goodtime incentive act", was amended. This amended act allowed inmates with fifteen (15) years or less, to receive the benifits of receiving incentive goodtime credits. This amendment also allowed habitual offenders to receive goodtime credits and deductions from their sentence, this amended act was in violation of acts 80-446.

Inmates are denied the benefits of receiving incentive goodtime credits on a statute or under a statute that is abbigious.

Subsection (e) implementation by the commissioner of the Alabama Department of Corrections to code of alabama 14-9-41 is unconstitutional, and is being implemented against legislative intent.

(2)

(6). Acts[80-446], Codified in (14-9-41) Code Of Alabama reads,..

(a). Each prisoner who shall thereafter be convincted of any of-
fense against the laws of the state of alabama and is confined,
in the execution of judgment or sentence upon any conviction, in
the penitentary or at hard labor for the county or any municipal
jail for a definite or inderterminate term, other than for"life"
whose record of conduct shows that he has faithfully observed the
rules for a period of time to be specified by the article may be
entitled to earn a deduction from the term of his sentence as
follows:

(1). SEVENTY-FIVE (75) DAYS FOR EACH 30 DAYS ACTUALLY SERVED WHILE
THE PRISONER IS CLASSIFIED AS A CLASS (1) ONE PRISONER,

(2). FORTY (40) DAYS FOR EACH (30) DAYS ACTUALLY SERVED WHILE THE
PRISONER IS A CLASS (2) PRISONER,

(3). TWENTY (20) DAYS FOR EACH (30) DAYS SERVED WHILE THE PRISONER
IS A CLASS (3) THREE PRISONER,

(b) Within 90 days after May 19, 1980. The Commissioner of the
Department Of Corrections shall establish and publish appropriate
directive certain criteria not in conflict with this article for
class 1,2,3, and 4 prisoners, classification shall encompass con-
sideration of the prisoners behavior, discipline, and work pratice
and job responsability(s).

(7). The petitioner avers, that he is being denied goodtime cre-
dits based soley on the lenght of his sentence 14-9-41(e), Yet, he
has been classified at one time or another during his incarcera-
tion as a class 1,2,3, and 4 prisoner, the petitioner has been to
WORK RELEASES","HONOR CAMPS" WORK CAMPS", throughout his incarcera
tion, he has proven though the years to be cooperative and respect
authority, work hard on every detail, and has proven to be "trust
worthy",  the petitioner did not receive any GOODTIME CREITS while
in those classes.

3.

(8). The commissoner has implemented a policy in classifying pri-
soners to a certain class...class 1,2,3 and 4. When a prisoner is
placed in either class of the above classes there is a procedure
and policy that the prisoner must comply with to enter that class
and a policy that the prisoner must obey in order to stay in that
class or move to a higher but less restrictive class, Each class
is implemented around a inmates behavior, disciplinary history,
discipline and ability to work, aach class affords that prisoner
a certain amount of goodtime to be earned and a deduction from his
sentence while in that particular class, the department of correc-
tions is placing prisoners in those classes, but are denying to
them the goodtime while in that class, that is afforded to them
by that class, 14-9-41 of the code of Alabama,[14-9-41] of the
code of Aalabama governors the amount of "goodtime" credits each
prisoner must earn or can earn while in a particular class, this
section also governors the amount of time a prisoner must remain
in a particular class before being elligible for a lesser restric-
ted class. Prisoners are being placed in class 1,2, and 3 under a
condition that has been imposed, and implemented, by the Alabama
legislature which governors the prisoners conduct, behavior, and
ability to adjust to prison "life", however, prisoners are being
denied the benefits to receive incentive "goodtime" credits in
that class by the department of corrections, even though each
class affords prisoners the privelege to receive those credits,
prisoners with "SEX" crimes and"VIOLENT" offenders receive the
benefits of goodtime credits while in those classes and a deduc-
tion from their sentence, while prisoners with "non violent" are
property crimes are being denied goodtime credits are any reduc-
tion from their sentence while in those classes... The inmates
which are supposed to be prohibited from earning goodtime credits
are"Habitual offenders" those convicted of a class "A" felony and
"Trafficking" are in fact the very one's that is receing good-
time credits.

4.

(9). Acts 80-446, codified in 1409-41 (code of Alabama) reads:

(1) Class 1- Is set aside for those prisoners who are (considered), to be"trustworthy" in every respect and who, by virtue of their work habits, conduct an attitude of cooperation, have proven their trustworthiness.... an example: of a class 1 prisoner is one who cpould work without constant supervision by a security officer.

(2). Class 2: Is that category of prisoners who will be under the supervision of a correctional employee at all times. any inmate shall remain in this class for a minimum period of (6) six months before being elligiable for class 1.

(3). Class 3: Is set aside for prisoners with special assignments. they may not receive the priveleges of class 1 and 2 prisoners, any inmate shall remain in this classification for a period of the minimum of three months before being eligible for class (2) two.

(4). Class 4: Is for those prisoners yet, not classified and for those who are able to work and refuse, or who commit disciplinary infractions of such nature which do not warrant a "higher Classifi- cation", inmates that are classified in this earning class receives "NO" "CORRECTIONAL INCENTIVE GOODTIME". this class is generally referred to as "FLAT TIME" or "DAY FOR DAY". Any inmate shall re- main in this classification for a minimum of thirty (30) days be- fore being elligible for class (3) three.

  There is nothing contained in class 1,2, 0r three which prohi- bits a prisoner from receiving goodtime credits while in that class, Yet, the department of corrections are denting inmates goodtime while in class 1,2, or 3 based soley on the lenght of their sen- tence without any consideration to the "seriouness" of their of- fense, crimes or convictions, prisoners that have been prohibited from earning goodtime by the legislature deeming their crimes to serious to receive beneficiary treatment are receing goodtime by the department of corrections while in class 1,2, or 3.......
[SEX OFFENDERS AND CHILD MOLESTORS SHOULD NOT RECEIVE AND REDUC- TIONS FROM THEIR CONVICTION AND SENTENCE]/.............

5.

(11). The petitioner avers, that They is being denied "Equal Protect-
tion" of the law Under 14-9-41, subsection (e) because, he has been
sentenced to a term of (20) twenty years for the charge of theft
of property 1st degree..

(A). Example; the legislature amended section (15-18-8 code of Ala-
bama) May 19, 2000. to allow prisoners that are sentenced to a
term of imprisonment 20 years or less to have their sentences split
yet, the legislative obviously deemed the nature of their offenses
to serious to merit the benefits of receiving goodtime sentence re-
ductioons. It is reasonable to assumed that the legislature also
concluded that anyone who received a sentence in the class"A" felo-
ny range would not merit beneficial treatment...... When a prisoner
is convicted of a class "A' felony and receives a sentence of 20
years and have that sentence split to serve three years incarcera-
tion and the maximum years of probation of five(5) years, that pri-
soner will be allowed to complete his entire twenty (20) years sen-
tence in eight (8) years without any futher supervision by the
state of Alabama, however, when a prisoner is sentence to that
same term of imprisonment and does not have his or her sentence
split under the split sentence act, that prisoner will have to
serve his entire sentence either on parole, if paroled, or in the
department of corrections...When 15-18-8 split sentence act was a
mended, the goodtime incentive act 14-9-41 of the code of Alabama
should have also been amended in order to bring the same prisoners
and less violent prisoners within the same category of sentence
reductions under "Equal Protection" of the law.

(1). One of the purposes of the requirement of this section 45, (
supra), that the subject of law shall be clearly expressed in the
title, is to prevent surprise or fraud upon the legislative by in-
corporating in "BILLS". provision not reasonably disclosed by its
title, and which might be overlooked, and unintentionally appro-
ved in enacting (THE BILL) 247 so 2d 195 ( 123 so 2d 505

6.

(2). The incentive goodtime credit statute is being applied arbitrary and selective by the department of corrections against legislative intent.

(3). Prisoners are being denied goodtime soley on the length of their sentence and not the seriouness of their offense.

(4). Inmates are classified under a behavior system. This system classify(s) inmates and place them in a class 1,2, or three prisoner, each class provides inmates with a opportunity to receive goodtime credits and a reduction of sentence.

(5). Repeated "SEX" offenders and repeated "VIOLENT" offenders receives benefits of incentive goodtime credits while the majority of inmates with less serious crimes to include "non violent" offenses are been denied such incentives.

(6). Inmates are "Categorically" denied goodtime by the department of corrections which is in violation of the legislature intent...
SEE: [Lopez V. Davis].

(A). Act 80-446 Violates Alabama constitutional amendment: section 61 by its 1991 amendment,

    Acts 80-446 "Incentice Goodtime Credits" was passed in 1980, by the Alabama Legislature, the "Bill" denied goodtime credits to prisoners who has been sentenced to "life" or "Death", Subsection (e) broadened those credits to deny prisoners who have been convicted of a class "A" felony, those who receive a sentence of 10 years, prisoners that has been convicted of assault in where the victim suffered pernament loss or pernament loss or partial loss or use of a bodily organ or appendage, those that has been convicted of sexual assault upon a "Child" under 17 years old or prohibited from receiving good time credits,[sexual assaults under the age of 17 or prohibted from entering class 1 earning statutes but are not prohibited from earning goodtime credits].

The habitual offenders act of 1981 also prohibited prisoners that has been sentenced as a habitual offender from receiving any reduction from sentence. Habitual offenders was not the only class that was prohibited from earning goodtime by the legislative statute, Inmates who receive a sentence of 10 years or more and those inmates who receives a sentence in the class "A" felony was also precluded. [minimum sentence a habitual offender can receive is 15 years].

Act 80-446 was amended from 10 years to 15 years act of July 31, 1991. No. 91-637, codified at Ala. code 14-9-41 (e) Act 1201 effective october 29, 1991. The act was amended because the prison system was "Dangerious Overcrowded" with habitual offenders, When this act was amended it "Drastically" changed the purpose of the act, The amendment allowed the habitual and repeated habitual felony offenders the benefits of receiving goodtime credits and a reduction from their sentence in violation of legislative intent... [this was totally against the legisltive purpose of passing the act. The legislative in passing act 80-446 made it be known that habitual felony offenders would not receive any goodtime or reduction from sentence pursuaint to this act.[This] amendment was also applied retroactively... when the act was amended to allow goodtime credit and a reduction from sentence, this amendment also denied inmates "Equal Protection" of law when this amendment did not grant inmates who was habitual felony offenders with sentences of 15 year or more, the legislative not only denied habitual offenders good time but also denied prisoners who was convicted of a class "A" felony or received a sentence in the class "A" felon range. [when a prisoner receive a sentence of 10 years or more doesn't means that, that person has committed a serious offense.

9.

Brooks V. State 622 so 2d 447 (reversed and remanded) denial of
goodtime credits violated prisoners "equal Protection" when the
reason for such denial was based soley on the time of conviction
and not determination about the nature or the seriouness of the
offense. The court observed that it was rational to deny goodtime
benefits to both class "A" felony(s) and those who has been sen-
tenced to 10 years or more, because the latter group receives a
sentence in the class "A" felony range, and therefore, could be
considered as "Serious Offender", the minimum sentence for a class
"A" felony is 10 years, Alabama Code 13 A-5-6..are... inelligable
for goodtime because the legislature deemed the nature of their
offense to serious to merit the benefits of goodtime sentence re-
duction, it was reasonably assume that the legislature also con-
cluded that anyone who received a sentence in the[legislature act]
class "A" felony range would also not merit beneficial treatment.
Thomas V. State 552 so 2d 875. Gaines V. State 581 so 2d 448, The
supreme court concluded that there is a "perceivable" set of facts
under which a statutory discrimination against "Sex Offenders" is
revelant to and justified by permissible legislative purpose, that
perceivable set of facts includes the possibility that a convic-
ted sex offenders who is not rehabilitated might be released early.

When the legislature amended 14-9-41 (e) in 1991 from 10 years to
15 years it qualified the habitual felony offenders to receive
goodtime credits, this amended act came in conflict with prior
legislative law which prohibited habitual offenders from receiving
goodtime, this amendment also expanded the goodtime eligibility to
include inmates sentenced to longer prison terms presumably for a
more serious crime. 275 Ala 254 opinion of justice.....one of the
purpose of the requirement of section 45, supra, that the subject
of a law shall be clearly expresses in its title, to prevent su-
prise or fraud upon the legislature by incorporating its bill pro-
vision not reasonably disclosed by its title, and which might be
overlooked. Kendrick V. Boyd 255 Ala. 53, so 2d 694 Taylor V. john
son 265 Ala. 541.

10.

Ex-Parte Hilsabeck 477 so 2d 472. The purpose of act 80-446, is
clearly expressed as one to establish the "alabama Correctional"
Incentice Act", that alone state that the legislation deals with
goodtime for prison inmates, the next title respectively, states
that the act establishes "certain criteria" for earned deductions
and creates "classifications for measurment of such deductions
and eligibility thereof (habitual offenders) are mention as one o
of the groups excluded from earning goodtime credits..... Act 80-
446 violates article 4 section 61, of the Alabama constitution
section 61 provides "no law shall be so altered or amended on its
passage through either house as to change it original purpose.

Acts 80-446 was made clear and unambigious in its provisions when
uncertainly was injected into the act when its provisions was
attempted to be broaned or expanded the lanuage of the act.

[Ricket V. State 901 F2d 1058] Selective and disparate treatment
violation of equal protection. [impermissable classification]
Wayne V. State, 84 L.ed 2d 547.

Aalabama deals with a racial classifiaction system embodied in
a criminal statute the 1991 amendment does not order these ex-
clusions by defining the statutory terms of prisoners convcited
of "non Violent" offenses or the cognate terms 'crimes of violence
instead, the current regulation relies upon the discretion allo-
ted to the commissioner of the department of corrections in grant-
ing a sentenec reduction to exclude categories of inmates, the
administartion regulation, designed to achieve consistent admini-
strative of the incentice, now provides,

(1). Inmates who are sentenced to 15 years are less to include
habitual felony offenders the privelege of receiving goodtime
credits and allowed violent offenders with longer prison terms
that was prohibited by the legislative to receive goodtime under
the new amended act.

11.

inmates with less serious crimes and property crimes are being de-
nied goodtime credits based soley on the lenght of their sentence,
they are also "Bracketed" in a category with violent offenders be-
cause the department of corrections suggests that they poses a
particular risk to the public...while cedric has been incarcerated
he has been classified as a vlass 1, 2, and 3, prisoner at some
point during his incarceration to include "three" years at "work
release", but has been categorically denied the benefits of good-
time while in these class.

The question to be answered pertaining to this fact of law is;
could the department of corrections place a inmate in a category
which grants goodtime credits and then deny that inmate goodtime
credits based soley on the lenght of his sentence without consider-
ation as to the seriouness of the crime, this kind of selective
action by the department of correction is what cause the statute
to be ambigious[unamibigious] and deny him "equal protection" and
"due process" of law. If the legislature wanted the department of
corrections to reduce the category of inmates eligiable for early
release incentive (beyoud the ones indentified by the legislature)
the legislative would have specifically placed this grant of autho-
rity in the language of the statute, and if the department of cor-
rections have discretion to deny early release to some inmates,
but only based on a inmates sentence and not the factors therin,
then the agency cannot categorically deny early release even to
the recidivist with prior, or perhaps "mutiple" convictions of
"Rape" "Robbery," Homicide" or any other crime of violence..The
Question to this issue is?

Did the legislature of Alabama intended for all inmates to receive
some reduction from their sentence who has been convicted of a non
violent crime?

12

Did the Alabama Legislative intend for "SEX" offenders and repeated "VIOLENT" offenders to receive goodtime credits and receive a early release from prison?

Did the legislature intend for Habitual Felony Offenders to receive goodtime credits and a early release from their sentence?

Did the legislature intend to allow inmates with sex offenses, and violent offenses to receive the benefits of goodtime credits, and deny inmates with property offenses this benefits based soley on the lenght of a person sentence and not the seriouness of their offense?

We deal here with a ambigious statute, which grants goodtime credits to the majority of "sex" offenders and denies goodtime to a majority of inmates who has been convicted of less serious crimes where the power of the state weighs most heavily upon the indivi duals or group, we must be especially sensitive to the policies of the equal protection clause which, reflected in legislative enactments dating from 1870, were intended to secure "Full and equal benefits of all laws and proceedings for the security of per sons" to like punishment, pains, penalties, taxes, liscenses, and exactions of every kind, and to others.

When the law lays an unequal hand on those who have committed instrincically the same quality of offense and sterilize one and not the other, it has made invidious a discrimination as if it had selected a particular race or nationality for oppresive treatment.
[YICK WO V. HOPKINS 30 L.ed 2d 220]
subsequent legislation declaring the intent of an earlier statute is entitled to significant weght....although a mistaken opinion of the legislature concerning the meaning of an earlier statute does not itself make law, such an opinion must nevertheless be given the effect of law, prospectively if it is expressed in words com- petent to make law, since it is within the power of the legisla- tive for the future, although inoperative as to the past.

13.

the pronouncement of legislative committee respecting, the meanning
of a previously enacted statute was entitle to consideration weight
in the judicial construction of the statute, where the committee
in question was the one which had reported the bill on which the
statute was based.[Quern V. Mandley 56 L.ed 2d 134 918] See; also
[McLaighin V. Florida 13 L.ed 2d 222][Brown V. Dubchesne, 15 L.ed
2d 595[NLRB V. Bell Aerospace Co. 4o L.ed 2d 134][prounouncement
of legislature 50 L ed 2d 918][Statutory Generally 41 L. ed 2d 134[
Thorton V. Hunt 852 F. 2d 526][95 A.L.R. 2d 1256][Brooks V. State
622 so 2d 477][Classification of inmates][Construction of law][Co'
nlogue V. Shinbaum p49 F. 2d 378][Frazier V. Manson 703 L.ed 2d 30]
[Faulkner V. State, 586 so 2d 39][Hilsabeck]Exparte Hisalbeck 477
so 2d 465][Mckiniss 35 L. ed 2d Acts 231 Ala. Exparte Ashton.
Koroszka V. Belford 41 L. ed 2d 374].............................

## "SEX OFFENDERS"

Mckune V. Lile (2000) 536 us 24, 153 L.ed 2d 47, "Sex Offenders"
.....SEX OFFENDERS are serious threat in this nation, in 1995, an
estimated 355,000 rapes and sexual assaults occured nationwide.
U.S. Department Of Justice, bereau of justice statistics, sex
offenders offenses reported between 1980 and 1994, the population
of imprisonment of sex offenders increased at a faster rate than
any other category of violent offenses,[violent crimes]. As in most
sexual cases, the victim of sexual assault are most juveniles. In
1995, for instance, a majority of the reported forcible sexual
offenses were committed against persons under 18 years of age....
[University of New Hamsphire] crimes against children, research
center fact sheet. Nearly 4 out of 10 imprisoned, violent sex of-
fnders said their victims was 12 years of age or younger.... when
convicted sex offenders re-enter society, they are much likely to
re-offend, be re-arrested for a new rape or sexual assault.

LOPEZ V. DAVIS 531 u.s 230, 148 L.ed 2d 635, 121 S.ct 714

Tiltle[18 USC & 3621] Governs the imprisonment of persons convicted of federal crimes. In 1990 congress amended the statue to provide that the Bereau shall....make available appropriate substance abuse treatment for each prisoner the Bereau determines has a treatable condition of substance addiction or abuse, Four years later, congress again amended 3621, this time to provide incentives for prisoners participating in the program. The incentive provision of that section reads:" the period of a prisoner convicted of non-violent offense remains in custody after successfully completing a treatment program may be reduced by the Bereau of prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

In 1995, The Bureau published a rule to implement the early release incentive. 60 Fed reg 27692-27695; 28 CFR & 550. 58. Because the statute explicitly confined the incentive to prisoners convicted of "non-violent offenses" 18 U.S.C & 3621(e) (2) (b), the BOP ranked inelligable for early release all inmates currently incarcerated for crimes of violence. 60 Fed Reg 27692. As explained in the BOP program statement, the BOP defined "crimes of violence' to include a drug trafficking conviction under 21 USC.
3621 (e)(2)(B) required the bureau to look into only the offense of conviction (Drug TRafficking), and not to sentencing factors (Fire arm Possession), in determing whether an offender was convicted of a "non violent offense", and therefore elligable under the statute for the early release incentive.

In contrast to the earlier rule. However, the 1997 regulation does not order this exclusion by defining the statutory term prisoner convicted of a'non-violent offense' or the cognate term crimes of violence'. instead, the current regulation relies upon' the discretion allotted to the director of the bureau of prisons in granting a sentence reduction to exclude categories of inmates. The regulation, designed to achieve consistent administration of the incentice, now provides,

(a) ADDITIONAL EARLY RELEASE CRITERIA.(1). As an exercise of the discretion invested in the director of the BOP, the following category of inmates are not elligiable for early release.

"(iv) Inmates who have a prior felony are misdeamenor conviction for homicide, forciable rape, robbery, aggravated assault, or child sexual abuse offenses;

"(vi) Inmates whose currently offense is a felony:

(B) That involved in carrying, possession, or use of a firearm or other dangerious weapon...... To the Bereaus asserted disrection to prescribe additional early release criteria. Drug traffickers who possess firearms when they engage in crimes are no longer charac-terized as "violent offenders" within the meaning of the statute. But they are bracketed, for the sentence reduction purposes with persons currently incarcerated for "non violent" offenses who in the pass comm itted crimes that qualified as violent. The preconvic-tion conduct of both armed offenders and certain redicivist in the Bereaus's view, suggest that they pose a particular risk to the pu-blic.... In 1997, petitioner Christipher A. Lopez was convicted of possession with the intent to distribute methamphetamine in viola-tion. Upon finding that lopez possessed a firearm in connection with his offense, the district court enhanced his sentence two le-vels.

While incarcerated, Lopez requested substance abuse treatment. The Bereau found him qualified for the resident drug treatment pro-gram, but categorically inelligable for early release. The court reversed. Bellis V. Davis 186 F 3d 1092 (199). The statute provides the period a prisoner convicted of a non-violent offense remains in custody after successfully completing a drug treatment program may be reduced by the BOP.

The measure thus catergorically denies early release elligibility to inmates convicted of violent offenses. The question we address is whether the Bereau has discretion to delinate, as an additional category of inelligible inmates, those whose current offenses is a felony conviction involving a firearm.

16.

Lopez urges that the statute is unambigious, he syas that. by iden-
tifying a class of inmates ineligiable for sentence reduction under
3621 (e) (2) (B), those convicted of a violent offense, congress
has barred the Bereau from identifying futher categories of ineligi-
able inmates. If congress wanted the BOP to reduce the category of
inmates eligiable for the early release incentives (Beyound the ones
identified by congress) Congress would have specifically placed this
grant of authority in the language of the statute'. Congress used
the word "May" rather than "Shall", has no signifiance. And if the
BOP does have discretion to deny early release to some inmates, but
categorically deny early release even to the recidivists with prior
(Perhaps Mutiple) convictions of rape, robbery, homicide etc, for
that provision, as much as the exclusion of inmates imprisoned for
the offense involving a firearm, entails no individualized determi-
nation based on postconviction conduct. ( A prisoner serving a term
of one year and less than "life" may receive credits toward the
service of the prisoners sentence....subject to determination by
the BOP that, during that year, the prisinor has displayed exemplary
compliance with such institutional disciplinary regulations").

The question at issue in this case is whether congress merely
intended for some, of federal prisinors who were convicted of non-
violent crimes and who has successfully completed a Bureau of pri-
soners drug treatment program are eligiable for a sentence reduc-
tion..... The court stated; I believe congress has answered the
precise question. The statute expressely states that the sentence
of every prisoner in that category "May Be Reduced", both the
text of the statute and the aforemention history demonstrate that
congress directly addressed the precise question of what offenses
ought to be disqualified and prisoners disqualification for eligi-
ability for sentence reduction, and its "unambigious answer was
"violent offenses". under the statute as enacted, those who com-
mitted crimes of violence are categorically barred from receiving
sentence reduction while those convicted of non-violence offenses
"May" receive such an inducement.

17.

# EXHIBIT
# 1

EXHIBIT 7

CBR716-3

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 10/11/2006

INST: 017
CODE: CRSUM

Fountain

**************************************************************************

AIS: 00155509A    INMATE: SMITH, CEDRIC ALLEN              RACE: B  SEX: M

INST: 017 - RCC                          DORM:  OO   JAIL CR: 000Y 07M 18D

DOB: 06/13/1969   SSN: 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

ALIAS: SMITH, ALLEN C                ALIAS: SMITH, CED

ALIAS: SMITH, CEDRIC                 ALIAS: SMITH, CEDRIC ALLAN

ALIAS: SMITH, CEDRICK A

ADM DT: 02/16/1993 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/REV OF PR     STAT: PAROLE REVOKED

CURRENT CUST: QUR-9   CURRENT CUST DT: 09/19/2006   PAROLE REVIEW DATE: AUG 2009

SECURITY LEVEL: (1) ONE

SERVING UNDER ACT446 LAW IN CLASS IV        CURRENT CLASS DATE:   11/18/1993
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

| COUNTY | SENT DT | CASE NO | CRIME | | JL-CR | TERM |
|--------|---------|---------|-------|---|-------|------|
| SHELBY | 04/06/93 | N91465.70 | THEFT OF PROPERTY II | | # 0097D | 002Y 00M 00D CS |
| | ATTORNEY FEES : $000300 | | HABITUAL OFFENDER : N | | | |
| | COURT COSTS : $0000179 | | FINES : $0000000 | | RESTITUTION : $0000050 | |
| SHELBY | 11/18/93 | N93000213 | THEFT OF PROPERTY I | | # 0098D | 010Y 00M 00D CS |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y | | | |
| | COURT COSTS : $0000235 | | FINES : $0000000 | | RESTITUTION : $0000181 | |
| SHELBY | 11/18/93 | N93000215 | THEFT OF PROPERTY I | | 0228D | 020Y 00M 00D CC |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y | | | |
| | COURT COSTS : $0000235 | | FINES : $0000000 | | RESTITUTION : $0000092 | |

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|------------|------------|---------------|---------------|-----------|
| 020Y 00M 00D | 03/29/2013 | 000Y 00M 00D | 000Y 00M 00D | 03/29/2013 |

INMATE LITERAL:
**************************************************************************

DETAINER WARRANTS SUMMARY
   INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
**************************************************************************

ESCAPEE-PAROLE SUMMARY

PAROLED FRM  050:09/22/03 RVK:00/00/00 DELQ:11/15/04 RECAP:11/05/04 RTN:11/05/04

REINSTATED   050:07/01/05 RVK:10/03/06 DELQ:07/10/06 RECAP:05/17/06 RTN:05/17/06

CONTINUED ON NEXT PAGE

# EXHIBIT
# 2

EXHBIT #2

CBR716-3

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 03/10/2006

INST: 002
CODE: CORVK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AIS: 00228888S   INMATE: KING, SCOTT CHARLES           RACE: W  SEX: M

INST: 002 - FOUNTAIN CORRECTIONAL CENTER    DORM:  DO   JAIL CR: 000Y 03M 29D

DOB: 03/25/1977  SSN: 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

ALIAS: KING, CHARLES SCOTT              ALIAS: KING, SCOTT C

ADM DT: 04/29/2003 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMMITMENT - SPLIT SENTENC    STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: MED-2   CURRENT CUST DT: 03/04/2004  PAROLE REVIEW DATE: APR 2006

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS I        CURRENT CLASS DATE:   06/02/2004
INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED

COUNTY        SENT DT  CASE NO  CRIME                    JL-CR     TERM
LAUDERDALE 09/15/03 N02000414 POSS MARIJUANA I     # 0115D 002Y 00M 00D CS
            ATTORNEY FEES : $001010   HABITUAL OFFENDER : Y
            COURT COSTS   : $0000256   FINES : $0000000   RESTITUTION : $0001310
LAUDERDALE 12/02/03 N03000287 RAPE II.                0119D 015Y 00M 00D CC
            ATTORNEY FEES : $000000   HABITUAL OFFENDER : Y
            COURT COSTS   : $0000339   FINES : $0000000   RESTITUTION : $0000050
LAUDERDALE 12/02/03 N03000456 BURGLARY III            0118D 010Y 00M 00D CC
            ATTORNEY FEES : $000000   HABITUAL OFFENDER : Y

   TOTAL TERM      MIN RELI DT    GOOD TIME BAL      GOOD TIME REV    LONG DATE
   015Y 00M 00D    04/11/2008     005Y 01M 05D       000Y 00M 00D     08/02/2018

INMATE LITERAL:
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DISCIPLINARY/CITATION SUMMARY

    >> CITATION: 03/07/2006                   CUST FROM MED2 TO MED2
       CITATION TYPE: BEHAVIOR CITATION    AT INST: 002    RULE NUMBER: 50
    RETAINED DAYS: 0000   SEQ #: 08   RULE LIT: BEING IN AN UNAUTHORIZED AREA

                        CONTINUED ON NEXT PAGE

# EXHIBIT
# 3

CBR716-3    1005K    EXHIBIT #3

```
              ALABAMA DEPARTMENT OF CORRECTIONS          INST:    249
              INMATE SUMMARY AS OF 05/17/2006            CODE: CISMDI
```

********************************************************************************

AIS: 002223615    INMATE: MORIE, RALPH EVERETT              RACE: W  SEX: M

INST: 249 - MOBILE                          DORM:  00   JAIL CR: 001Y 02M 29D

DOB: 12/23/1961  SSN: 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

ALIAS: MORIE, RALPH E

ADM DT: 03/26/2002  DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMMITMENT - SPLIT SENTENC    STAT: NEW COMMITMENT - SPLIT SENTENC

CURRENT CUST: OTW-5    CURRENT CUST DT: 04/20/2006  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS IV          CURRENT CLASS DATE:   04/20/2006
INMATE IS EARNING : STRAIGHT TIME

```
COUNTY      SENT DT  CASE NO  CRIME                    JL-CR     TERM
MOBILE      04/20/06 N01003316 SODOMY II               02240 001Y 05M 00D CS
                               3YRS PROBATION              0
MOBILE      05/05/06 N06000254 VIOLATION OF SEX OFF REGIS 02300 002Y 00M 00D CS
                               5YRS PROBATION              0
            ATTORNEY FEES : $000350    HABITUAL OFFENDER : N
            COURT COSTS   : $0000261   FINES : $0000000   RESTITUTION : $0000050
```

```
   TOTAL TERM      MIN RELI DT     GOOD TIME BAL    GOOD TIME REV     LONG DATE
000Y 05M 00D     07/15/2008      000Y 00M 00D     000Y 00M 00D     07/15/2008
```

INMATE LITERAL: 2ND SPLIT;NEW CASES;PENDING;NO RESIDENT NEAR SCHOOL
********************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
********************************************************************************

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
********************************************************************************

DISCIPLINARY/CITATION SUMMARY

    INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

# EXHIBIT
# 4

EXHIBIT #4

CBR716-3

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 08/25/2006

INST
CODE: CM

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AIS: 0024793GS   INMATE: BINION, WILLIAM ALLEN          RACE: W  SEX: M

INST: 017 - RCC                        DORM:  00   JAIL CR:  00Y 00M 00D

DOB: 07/12/1972  SSN: 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

ADM DT: 06/15/2006 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF       STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: QUR-7   CURRENT CUST DT: 08/21/2006  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT446 LAW IN CLASS III        CURRENT CLASS DATE:   07/15/2006
INMATE IS EARNING : EARNS 20 DAYS FOR EACH 30 SERVED

| COUNTY | SENT DT | CASE NO | CRIME | JL-CR | TERM |
|--------|---------|---------|-------|-------|------|
| CHILTON | 06/15/06 | N06000042 | RAPE II | 00000 | 015Y 00M 00D CS |

ATTORNEY FEES : $000750       HABITUAL OFFENDER : N
COURT COSTS  : $0000273       FINES : $0000000   RESTITUTION : $0000050

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|------------|------------|---------------|---------------|-----------|
| 015Y 00M 00D | 01/02/2013 | 000Y 00M 270 | 000Y 00M 00D | 06/14/2021 |

INMATE LITERAL:
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DISCIPLINARY/CITATION SUMMARY

    INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

# EXHIBIT
# 5

Exhibit # 5

690

**Section 2.** All laws or parts of laws inconsistent herewith are hereby repealed to the extent of such inconsistency.

**Section 3.** This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved May 19, 1980

Time: 5:00 P.M.

_____

S. 103—Pearson

Act No. 80-445

## AN ACT

To provide that legislative appropriations to the University of Alabama in Birmingham and the University of South Alabama are for the unrestricted support of the activities of the University and therefore insurance companies are prohibited from applying or taking into account in any manner any portion of those appropriations in determining reimbursement for patient care activities.

*Be It Enacted by the Legislature of Alabama:*

**Section 1.** Any appropriations made by the Legislature of Alabama to the University of Alabama in Birmingham and to the University of South Alabama shall be for the unrestricted support of the activities of the said University and therefore insurance companies, whether operated for profit or not for profit, licensed under the laws of the State of Alabama, whether acting on their own behalf or for others, are prohibited from applying or taking into account in any manner whatsoever, any portion of those appropriations in determining reimbursement for patient care activities.

**Section 2.** This Act shall become effective immediately upon its passage and approval by the Governor or upon its otherwise becoming a law.

Approved May 19, 1980

Time: 5:00 P.M.

S. 107—Cook

Act No. 80-446

## AN ACT

To establish the "Alabama Correctional Incentive Time Act"; to provide for earned deductions from penitentiary and hard labor sentences and to establish certain criteria therefor; to create classifications for measurement of such

691

deductions and eligibility therefor; to require minimum sentences prior to parole eligibility; to authorize the commissioner of the department of corrections to restore certain portions of such deductions lost; to authorize the commissioner to issue, promulgate and implement such rules and regulations necessary to implement the provisions of this act; to specifically repeal Sections 14-9-1, 14-9-2, 14-9-4, 14-9-20, 14-9-21, 14-9-22, 14-9-23, 14-9-24 and 14-9-25 of the Code of Alabama 1975, and all laws or parts of laws conflicting with this act; to make certain exemptions from the provisions of this act for those persons presently serving as inmates in the penitentiary or at hard labor and for those who are convicted for crimes committed prior to the effective date of this act, so as to provide that such prisoners shall earn deductions from sentences as presently provided by law; and to provide habitual offenders shall not be eligible for any deductions from sentences.

*Be It Enacted by the Legislature of Alabama:*

**Section 1.** This act shall be known as the "Alabama Correctional Incentive Time Act."

**Section 2.** Each prisoner who shall hereafter be convicted of any offense against the laws of the State of Alabama and is confined, in execution of the judgment or sentence upon any conviction, in the penitentiary or at hard labor for the county or in any municipal jail for a definite or indeterminate term, other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this act may be entitled to earn a deduction from the term of his sentence as follows:

(1) Seventy-five days for each thirty days actually served while the prisoner is classified as a Class I prisoner.

(2) Forty days for each thirty days actually served while the prisoner is a Class II prisoner.

(3) Twenty days for each thirty days actually served while the prisoner is a Class III prisoner.

(4) No good time shall accrue during the period the prisoner is classified as a Class IV prisoner.

Within 90 days after the effective date of this act the commissioner of the department of corrections shall establish and publish in appropriate directives certain criteria not in conflict with this act for Class I, II, III, and IV prisoner classifications. Such classifications shall encompass consideration of the prisoner's behavior, discipline, work practices and job responsibilities.

Class I is set aside for those prisoners who are considered to be trustworthy in every respect and who, by virtue of their work habits, conduct and attitude of cooperation have proven their trustworthiness. An example of a Class I inmate would be one who

# EXHIBIT
# 6

*Exhibit 6*

CBR716-3

ALABAMA DEPARTMENT OF CORRECTIONS                    INST:    054
INMATE SUMMARY AS OF 01/03/2007                      CODE: CDRVK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

AIS: 00124145C    INMATE: THOMAS, STEPHEN               RACE: B   SEX: M

INST: 054 - CAMDEN COMM WORK CENTER          DORM:   00   JAIL CR: 000Y 03M 15D

DOB: 06/21/1959   SSN: 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

ALIAS: "STEPP",                        ALIAS: SMITH, JAMES

ALIAS: SMITH, JAMES A                  ALIAS: SMITH, JOHNNY

ALIAS: SMITH, MICHAEL                  ALIAS: THOMAS, MIKE S

ADM DT: 03/05/2002 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF         STAT: REMOVED FROM SEGREGATION

CURRENT CUST: MIN-9   CURRENT CUST DT: 05/25/2006   PAROLE REVIEW DATE: MAY 2007

SECURITY LEVEL: (2) TWO

SERVING UNDER ACT446 LAW IN CLASS IV         CURRENT CLASS DATE:    03/05/2002
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

COUNTY        SENT DT  CASE NO  CRIME                   JL-CR       TERM
TUSCALOOSA  03/05/02 N01000672 DIST CONTROL SUBSTANCE  0105D 020Y 00M 00D CS
                               DELIVERY
           ATTORNEY FEES : $000000   HABITUAL OFFENDER : Y
           COURT COSTS   : $0000273  FINES : $0000000   RESTITUTION : $0002415

   TOTAL TERM      MIN REL DT     GOOD TIME BAL     GOOD TIME REV    LONG DATE
   020Y 00M 00D    11/19/2021     000Y 00M 00D      000Y 00M 00D     11/19/2021

INMATE LITERAL:
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DETAINER WARRANTS SUMMARY
   INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ESCAPEE-PAROLE SUMMARY

PAROLED FRM  030:04/25/83 RVK:01/10/84 DELQ:11/07/83 RECAP:12/29/83 RTN:01/06/84

PAROLED FRM  050:09/06/94 RVK:06/28/95 DELQ:05/08/95 RECAP:04/17/95 RTN:05/19/95

PAROLED FRM  050:02/14/00 RVK:00/00/00 DELQ:00/00/00 RECAP:00/00/00 RTN:00/00/00

     INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

     INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B

CONTINUED ON NEXT PAGE